IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROGER ROGELIO SALCEDO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 05-0523-CV-W-ODS |
| ) | Crim. No. 02-00315-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER AND OPINION DENYING PETITION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

Pending is Petitioner's Motion for Postconviction Relief pursuant to 28 U.S.C. § 2255. For the following reasons, his Motion is denied.

### I. BACKGROUND

On May 29, 2003, a jury convicted Movant of conspiring to distribute more than five kilograms of cocaine and, on September 5, 2003, Movant was sentenced to 240 months imprisonment. Movant appealed, challenging the admission of an exculpatory statement he made to DEA agents; the conviction was affirmed. United States v. Salcedo, 360 F.3d 807 (8th Cir. 2004). An application for a Writ of Certiorari was not filed with the Supreme Court.

### II. DISCUSSION

Movant has set forth fourteen different allegations he believes entitle him to relief. However, most of them are not accompanied by detail or explanation. Movant seems to believe that merely identifying legally recognized grounds for relief and swearing under oath that they apply to his case is sufficient to justify relief or, at a minimum, a hearing. Movant is incorrect. While Movant is proceeding pro se and is therefore entitled to a

liberal construction of his pleadings, this liberal construction will not substitute for the required degree of specificity.  See Saunders v. United States, 236 F.3d 950, 953 (8th Cir. 2001).  Even a pro se movant must identify facts that support his claims of error.  E.g., Blackledge v. Allison, 431 U.S. 63, 75-76 (1977); Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985); Burleson v. United States, 340 F.2d 387, 390 (8th Cir. 1965); see also Rule 2(b)(2) of the Rules Governing Section 2255 Procedings.[1]

Most of Movant's claims allege ineffective assistance of counsel and are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'"  Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)).  This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.  Id. at 689.  Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"  Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id.  Failure to satisfy both prongs is fatal to the claim.  Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the

---

[1]Movant is not entitled to a hearing with respect to the claims for which he has provided factual details because the record conclusively establishes that he is not entitled to relief.

2

defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

### A. Ineffective Assistance of Counsel: Plea Issues

Movant contends his attorney failed to advise him about "all facts and law relevant to his decision to plead not guilty and proceed to trial." Amended Motion, p. 4. Movant further contends that if had all the necessary information, he would have pleaded guilty, pleaded nolo contendere, or requested a bench trial. However, Movant has not identified the facts and law his attorney failed to bring to his attention, nor has he explained how this information would have affected his decision to proceed to trial before a jury. The claim is insufficiently specific to warrant consideration.

### B. Ineffective Assistance of Counsel: Failure to File Pretrial Motions to Suppress Evidence or Dismiss the Indictment

Movant complains that his attorney failed to file a pretrial motion to suppress evidence or to dismiss the Indictment. The record conclusively establishes the correctness of Movant's observation; however, Movant has failed to identify the evidence he believes could have been suppressed or the grounds upon which the Indictment could be dismissed. Consequently, he cannot satisfy Strickland's prejudice prong. DeRoo, 223 F.3d at 925.

### C. Ineffective Assistance of Counsel: Failure to Investigate, Present Evidence, or Object to Evidence

Movant contends his attorney failed to conduct an investigation or present evidence on his behalf. However, Movant does not identify what additional steps counsel should have taken or what evidence counsel should have presented. Absent this information, it is impossible for the Court to conclude there is a reasonable probability the

3

outcome would have been different, so Plaintiff cannot satisfy Strickland's prejudice prong. Saunders, 236 F.3d 950, 952-53.

Movant does specifically identify the evidence he believes counsel should have objected to: the testimony of Jenny Maria Moreno Ortiz (also referred to in the record as "Jenny Moreno"), which Movant contends constituted hearsay that was also admitted in violation of his Sixth Amendment right to confrontation.

Moreno was a co-defendant who testified against Movant after entering a plea agreement. During her testimony, she related the content of statements made by Luis Fernando Lopez and Carina Serrano (also referred to as "Amarilis Serrano"). Movant contends this testimony constituted hearsay.

Lopez was a co-defendant and a co-conspirator. The statements described during Moreno's testimony were made by Lopez during and in furtherance of the conspiracy. Consequently, these statements do not qualify as hearsay. Fed. R. Evid. 801(d)(2)(E).[2] Serrano was not a co-defendant, but she probably qualifies as unindicted co-conspirator; if so, Moreno's testimony about Serrano's statements also would not qualify as hearsay. In any event, the Court concludes there is no probability of a different outcome if the alleged hearsay were excluded.[3]

---

[2]Even if they did, their exclusion would not have had an effect on the outcome. Viewed liberally, examination of the transcript reveals the following out of court of statements of Lopez were offered to prove the truth of the matter asserted: "Marrerro" was going to bring something for him from Mexico, Tr. at 226, he needed to see someone in Kansas City, Tr. at 227, he wanted Movant to accompany him to Kansas City to help keep him awake on the drive, Tr. at 227, and that he would pay Salcedo to accompany him to Kansas City, Tr. at 227. Moreno also testified about Lopez' statement to Movant that "they" were bringing eleven kilograms of cocaine. Tr. at 231; see also Tr. at 280-81, 283. This was not offered to prove that someone was actually bringing eleven kilograms of cocaine, but rather to demonstrate that the statement was made in Movant's presence and to demonstrate his knowledge about the nature of the transaction.

[3]Viewed liberally, examination of the transcript reveals the following out of court of statements of Serrano were offered to prove the truth of the matter asserted: that she would pay Moreno to go with her to Chicago, Tr. at 221, she wanted Moreno to have a

4

### D. Ineffective Assistance of Counsel: Failure to Give Proper Advice About Movant's Right to Testify at Trial

Movant contends his attorney failed to properly advise him regarding his right to testify at trial. More specifically, he argues his attorney failed to tell him (1) that he had a right to testify and (2) that the decision was his and not counsel's to make. Assuming Movant's allegations are true, the fact remains the Court advised Movant of his rights during the trial. See Docket Entry # 161.[4]

### E. Ineffective Assistance of Counsel: Failure to Propose or Object to Jury Instructions, Object to Closing Argument, or Preserve Right to Confrontation

Initially, the Court notes counsel proposed instructions prior to trial. See Docket Entry # 96. Therefore, Movant cannot successfully contend his attorney failed to propose instructions. Movant faults the instructions read to the jury for failing to define the term "mixture" and for failing to instruct the jury that the amount of cocaine to be attributed to Movant must have been "reasonably foreseeable" to him. Assuming, without deciding, that the instructions were infirm, there is no probability that "corrected" instructions would have altered the outcome. The facts of this case demonstrate Movant was endeavoring to hide nearly eleven kilograms of cocaine in the trunk of a car; there was no effort to attribute actions of co-conspirators to Movant in an attempt to affect the

---

false identification to avoid problems, Tr. at 224, she did not want to have a false identification herself, Tr. at 224, she wanted to return to New York, Tr. at 225, and that "Hector" was her cousin. Tr. at 225,

[4]Docket Entry # 161 is a portion of the trial transcript wherein the Court advised Movant he had "the absolute right to testify," that if he chose not to testify the jury would "be instructed that it can draw no inference of" his guilt due to his failure to testify, and, finally, while he would receive advice from his attorney on the matter "ultimately, the final decision" was Movant's.

5

amount of cocaine attributable to him. Finally, Movant does not specify how his right to confrontation was allegedly violated or identify the objectionable portions of the Government's closing argument, so further analysis of this issue is not required.

### F. Ineffective Assistance of Counsel: Failure to Investigate or Object to Evidence at Sentencing

Movant complains his attorney failed to investigate prior to sentencing or object to evidence introduced during the sentencing hearing. He does not identify any evidence that would have affected his sentence, nor does he identify any particular objections his attorney should have made. Moreover, the Court notes there could not have possibly been any prejudice because Movant was sentenced to the mandatory minimum term prescribed by Congress. Movant had a prior conviction for a felony drug offense, so the statutory minimum sentence was 240 months. 21 U.S.C. § 841(b)(1)(A). Even if Movant contends his attorney should have objected to evidence of his prior conviction, the claim fails because there was no viable objection that could have been made.

### G. Ineffective Assistance of Counsel: Failure to Move for a Downward Departure

Movant does not identify any grounds upon which a downward departure could have been requested or granted. In addition, a motion for downward departure could not have resulted in a lesser sentence because Movant was sentenced to the statutory minimum.

### H. Ineffective Assistance of Counsel: Failure to Object to or Appeal Increases in Sentence Based on Facts Not Charged, Submitted to a Jury, or Proved Beyond a Reasonable Doubt

Movant contends his attorney should have raised an issue or, at a minimum, sought a Writ of Certiorari based on the Supreme Court's grant of a Writ to decide United States v. Booker, 125 S. Ct. 738 (2005). Even if such efforts had been undertaken, Movant's sentence would have been unaffected; Booker does not apply to statutorily mandated minimum sentences. E.g., United States v. Blaylock, 421 F.3d 758, 773 (8th Cir. 2005); United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005).

### I. Ineffective Assistance of Counsel: Failure to Investigate and Present Strongest Issues on Appeal

Movant vaguely contends counsel failed to present the "strongest" issues possible on appeal. He fails to identify the "stronger" issues that he believes should have been presented, precluding any consideration of his claim. To the extent Movant alleges a Booker-type challenge should have been raised, the matter has been addressed in the preceding two sections.

### J. Actual Conflict of Interest

Movant contends his attorney "labored under an actual conflict of interest [because] he owed a 'duty' other than to" Movant. Amended Motion, p. 6. Movant does not identify the basis or nature of this alleged conflict, so relief is denied.

7

### K.  Cumulative Error

Movant contends the cumulative effect of multiple deficiencies serves as an independent ground for relief.  The Court does not conclude there have been any constitutional violations, so there are no grounds of error to accumulate.  Moreover, the Eighth Circuit does not recognize a claim of "cumulative error."  Each claim of ineffective assistance of counsel must rise or fall on its own merits.  E.g., Pryor, 103 F.3d at 714 n.6; United States. v. Stewart, 20 F.3d 911, 917-18 (8th Cir. 1994).

### L.  *Booker* Challenge

In a claim related to the one discussed in section H, Movant contends his Fifth and Sixth Amendment rights were violated because his sentence was increased based upon facts not charged in the Indictment or submitted to a jury.  As noted earlier, Booker does not apply to the statutory minimums enacted by Congress.  It should also be noted the jury did find beyond a reasonable doubt that more than five kilograms of cocaine was involved in Movant's offense.  See Verdict Form (Docket Entry # 117).

### M.  Denial of Fifth Amendment Rights

In yet another argument related to Booker, Movant contends his Fifth Amendment rights were violated because the Court "lacked knowledge of the available range of sentencing discretion under applicable law . . . ." Amended Motion, p. 7.  Assuming without deciding this allegation states a Fifth Amendment violation, the Court observes that Booker did not bestow District Courts with authority to depart below the statutory minimum sentence.

8

### N. Violation of the First, Fourth, Fifth, Sixth and Eighth Amendments

Finally, Movant contends his rights under the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution were violated. He does not explain how they were violated; he simply says they were. Relief on this ground is denied.

### III. CONCLUSION

For these reasons, the request for relief pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

                              /s/ Ortrie D. Smith
                              ORTRIE D. SMITH, JUDGE
DATE: November 2, 2005        UNITED STATES DISTRICT COURT